# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

STOCK FRAUD PREVENTION, INC.

       Plaintiff,

v.

STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN
and SCOTT WILDING

       Defendant.

_____/

CASE NO.:  9:11-cv-80764-KAM

## DEFENDANTS, STOCK NEWS INFO. LLC AND STEVEN KOIFMAN'S NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE

Defendants, STOCK NEWS INFO. LLC and STEVEN KOIFMAN (collectively, the "Koifman Defendants") by and through undersigned counsel, hereby move this Court to dismiss this action against the Koifman Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state any claims upon which relief may or should be granted.

The grounds for this Motion are set forth below in the accompanying Memorandum of Law.

       Respectfully Submitted,

**AKERMAN SENTERFITT LLP**

By:  /s/ William Nortman
William Nortman, Esq.
Florida Bar No.: 242039
Jonathan S. Robbins, Esq.
Florida Bar No.: 989428
Jeffrey T. Cook, Esq.
Florida Bar No.: 647578
Akerman Senterfitt, PA
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
954-463-2700 (T) 954-463-2224 (F)

*Attorneys for Defendants Stock News Info.*
*LLC, and Steven Koifman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

/s/ William Nortman
William Nortman

AKERMAN SENTERFITT, 350 EAST LAS OLAS BOULEVARD, SUITE 1600, FORT LAUDERDALE, FL 33301-2229

<u>**SERVICE LIST**</u>

Stock Fraud Prevention, Inc. v. Stock News Info. LLC
Case No.: 9:11-cv-80764-KAM

| | |
|---|---|
| **Carlos E. Duque, Esq.**<br>103 Concord Avenue, Suite 2-2<br>Sommerville, MA  02143<br> tel:  317-270-3353<br>eduque4@gmail.com<br>*Attorney for Plaintiff* | **William Nortman, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| **Jeffrey Carl Weinstein, Esq.**<br>Mittenthal Weinstein LLP<br>5499 N Federal Hwy., Suite K<br>Boca Raton, FL  33487<br>tel:  561-862-0955<br>fax:  561-862-0782<br>weinstein@mw-attorneys.com<br>*Attorneys for Plaintiff* | **Jonathan S. Robbins, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| | **Jeffrey T. Cook, Esq.**<br>AKERMAN SENTERFITT<br>One Southeast Third Avenue, 25th Floor<br>Miami, FL 33131<br>Telephone: (305) 374-5600<br>Facsimile: (305) 374-5095<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |

AKERMAN SENTERFITT, 350 EAST LAS OLAS BOULEVARD, SUITE 1600, FORT LAUDERDALE, FL 33301-2229

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................- 1 -

STATEMENT OF FACTS ....................................................................................- 2 -

ARGUMENT ........................................................................................................- 4 -

I.   PLAINTIFF HAS NOT ESTABLISHED STANDING TO ASSERT ANY CLAIM ..........- 4 -

II.  EACH CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW ..............................- 6 -

   A. Count I Fails to State a Claim for Breach of Contract ......................................- 7 -
     1.  The Parol Evidence Rule Bars the Alleged Breaches ...............................- 8 -
     2.  The Koifman Defendants Made None of the Alleged Promises ................- 10 -
     3.  Plaintiff Has No Claim Against Non-Party Koifman ..............................- 12 -
     4.  The Third-Party Plaintiffs Are Not Intended Third-Party Beneficiaries ...............- 13 -

   B. Count II Fails to State a Claim for Unjust Enrichment ....................................- 14 -

   C.  Count III Fails to State a Claim for Money Had and Received ......................- 15 -

III. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .........- 16 -

CONCLUSION ....................................................................................................- 17 -

**Cases**

*Allegiance Healthcare Corp. v. Coleman*,
   232 F. Supp. 2d 1329 (S.D. Fla. 2002) .......................................................- 7 -

*Allett v. Hill*,
   422 So. 2d 1047 (Fla. 4th DCA 1982) ........................................................- 8 -

*American Surety Co. of New York v. Smith*,
   130 So. 440 (Fla. 1930) ..............................................................................- 13 -

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................- 6 -

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................- 6 -

*Berry v. Budget Rent A Car Sys., Inc.*,
   497 F. Supp. 2d 1361 (S.D. Fla. 2007) .............................................- 15 -, - 16 -

*Bozeman v. Hernando County*,
   548 So. 2d 300 (Fla. 5th DCA 1989) ..........................................................- 13 -

*Bryant v. Avado Brands. Inc.*,
   187 F.3d 1271 (11th Cir. 1999) ...................................................................- 12 -

*Crenshaw v. Lister*,
   556 F.3d 1283 (11th Cir. 2009) ...................................................................- 7 -

{22441234;2}

i

*Cullen v. Seaboard Air Line R.R. Co.,*
  58 So. 182 (Fla. 1912) ............................................................................................- 15 -

*Diamond "S" Dev. Corp. v. Mercantile Bank,*
  989 So. 2d 696 (Fla. 1st DCA 2008) ........................................................................- 15 -

*Elend v. Basham,*
  471 F.3d 1199 (11th Cir. 2006) .................................................................................- 5 -

*Equilease Corp. v. Hentz,*
  634 F.2d 850 (5th Cir. 1981) ....................................................................................- 16 -

*Gasparini v. Pordomingo,*
  972 So. 2d 1053 (Fla. 3d DCA 2008) .......................................................................- 13 -

*Goodman ex rel. Goodman v. Sipos,*
  259 F.3d 1327 n. 6 (11th Cir. 2001) ..........................................................................- 5 -

*Griffin Indus., Inc. v. Irvin,*
  496 F.3d 1189 (11th Cir. 2007) .................................................................................- 7 -

*Gulf Atlantic Towing Corp. v. Dickerson, Inc.,*
  271 F.2d 542 (5th Cir. 1959) .....................................................................................- 8 -

*Hall v. Humana Hosp. Daytona Beach,*
  686 So. 2d 653 (Fla. 5th DCA 1996).......................................................................- 16 -

*Harris v. United Auto. Ins. Group, Inc.,*
  579 F.3d 1227 (11th Cir. 2009) .................................................................................- 6 -

*In re Estate of Barry,*
  689 So. 2d 1186 (Fla. 4th DCA 1997).......................................................................- 9 -

*In re Estate of Donner,*
  364 So. 2d 742 (Fla. 3d DCA 1978) ........................................................................- 12 -

*Johnson Enters. of Jacksonville v. FPL Group, Inc.,*
  162 F.3d 1290 (11th Cir. 1998) .................................................................................- 8 -

*Knabb v. Reconstruction Finance Corp.,*
  197 So. 707 (Fla. 1940) .............................................................................................- 9 -

*Lawrence v. Dunbar,*
  919 F.2d 1525 (11th Cir. 1990) .................................................................................- 5 -

*Linear Corp. v. Standard Hardware Co.,*
  423 So. 2d 966 (Fla. 1st DCA 1982) .......................................................................- 10 -

*Marriott Corp. v. Dasta Const. Co.,*
  26 F.3d 1057 (11th Cir. 1994) ...................................................................................- 8 -

*Matthews v. Drew Chem. Corp.,*
  475 F.2d 146 (5th Cir. 1973) ...................................................................................- 10 -

*Midrash Sephardi, Inc. v. Town of Surfside,*
  366 F.3d 1214 (11th Cir. 2004) .................................................................................- 4 -

*Ocana v. Ford Motor Co.,*
  992 So. 2d 319 (Fla. 3d DCA 2008) ........................................................................- 11 -

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

*Payne v. Humana Hosp. Orange Park,*
    661 So. 2d 1239 (Fla. 1ˢᵗ DCA 1995) ............................................................- 15 -

*Simmons v. Peavy-Welsh Lumber Co.,*
    113 F.2d 812 (5ᵗʰ Cir. 1940) ...........................................................................- 7 -

*Smith Eng'g & Constr. Co. v. U.S. Fid. & Guar. Co.,*
    199 So. 2d 302 (Fla. 1st DCA 1967) ..............................................................- 8 -

Southwestern Bell Mobile Sys. LLC v. Kaufman,
    *Case No. 08-81129-CIV-MARRA, slip op. at 13 n.3 (S.D. Fla. Sept. 29, 2009)* ..................- 16 -

*Steel Co. v. Citizens for a Better Environment,*
    523 U.S. 83 (1998) ..........................................................................................- 5 -

*Syverson v. Jones,*
    10 So. 3d 1123 (Fla. 1ˢᵗ DCA 2009) ..............................................................- 9 -

*Taylor v. Appleton,*
    30 F.3d 1365 n.3 (11th Cir. 1994) ..................................................................- 7 -

*Wheeler v. Wheeler, Erwin & Fountain, P.A.,*
    964 So. 2d 745 (Fla. 1st DCA 2007) ..............................................................- 9 -

*XL Vision, LLC v. Holloway,*
    856 So. 2d 1063 (Fla. 5ᵗʰ DCA 2003) ..........................................................- 13 -

**Rules**

Fed. R. Civ. P. 10(c) ................................................................................................- 7 -

Fed. R. Civ. P. 12(b)(1) ...........................................................................- 1 -, - 4 -

Fed. R. Civ. P. 12(b)(6),...........................................................................................- 1 -

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.:  11-cv-80764-MARRA

STOCK FRAUD PREVENTION, INC.

      Plaintiff,

v.

STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN
and SCOTT WILDING

      Defendant.

_____/

## DEFENDANTS STOCK NEWS INFO. LLC AND STEVEN KOIFMAN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE

Defendants, STOCK NEWS INFO. LLC ("Stock News") and STEVEN KOIFMAN

("Koifman") (together, the "Koifman Defendants"), pursuant to Federal Rule of Civil Procedure

12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), respectfully move the Court to dismiss

the First Amended Complaint (the "Amended Complaint") against the Koifman Defendants.

### INTRODUCTION

The Amended Complaint was filed in response to the Motion to Dismiss the Complaint

with Prejudice filed by the Koifman Defendants [D.E. 11].  Plaintiff has abandoned the claims

for federal securities fraud, breach of fiduciary duty, and punitive damages that were woefully

lacking in the original Complaint, and has attempted to add factual allegations with respect to the

remaining claims.  Presumably unintentionally, those additional allegations make it even more

clear that Plaintiff has no claim against the Koifman Defendants.

The Amended Complaint still centers on alleged oral promises made at the time of – and inconsistent with – written stock purchase agreements that are attached to the Amended Complaint. As established in the original motion to dismiss, these alleged promises are barred by the parol evidence rule. Moreover, the Amended Complaint specifies that the Koifman Defendants made <u>none</u> of these alleged promises, either directly or through an actual or apparent agent under Florida law.

Nor does the Amended Complaint establish that Plaintiff has standing to bring this lawsuit. Notably, Plaintiff has no personal claims of its own. Rather, Plaintiff purports to be the assignee of claims from a variety of former and current CUBV shareholders without any evidence of any such assignments.[1] Moreover, the public records reveal that the corporate assignees were not even in legal existence at the time of the purported assignments.

Having failed to cure the obvious deficiencies of the original Complaint, and having added even more deficiencies, the Amended Complaint should be dismissed <u>with prejudice</u>.

## STATEMENT OF FACTS

Plaintiff alleges to be a Wyoming corporation that was established for the sole purpose of asserting claims allegedly assigned to Plaintiff by both "Selling Plaintiffs" and "Third Party Plaintiffs." Am. Compl. ¶¶ 1, 10. The Selling Plaintiffs are Cylogic Aerospace ("Cylogic"), a purported Nevada corporation, and Crown Marketing ("Crown"), a purported Wyoming corporation. *Id.* ¶ 7. The Third Party Plaintiffs were all CUBV shareholders at the time of and after the transaction in question. *Id.* ¶ 8. Plaintiff provides no evidence or details of any assignment from either Selling Plaintiffs or Third Party Plaintiffs.

---

[1] Paragraph 10 of the Amended Complaint alleges that "Plaintiff was incorporated exclusively for the purposes of asserting Cylogic's, Crown's and the third party beneficiaries' rights against the Defendants. . . . These rights have been duly assigned to Plaintiff . . . ." The Amended Complaint provides no evidence or details with respect to these purported assignments.

The Complaint centers around the sale of CUBV shares by Crown and Cylogic to Defendants in January 2011 (the "Shares").  *Id.* ¶ 14.  Crown and Cylogic had acquired the Shares just six months earlier as part of a conversion of $280,000 in promissory notes into 17,976,000 shares of CUBV common stock.  *Id.* Exh. H.  In other words, **Crown and Cylogic acquired the Shares for $0.0155763 per share**.

The Amended Complaint alleges that the Shares were sold to Defendants pursuant to promissory notes and written share purchase agreements attached at Exhibits A-H, and alleged oral promises made by Wilding at or before the time of the sales.  *Id.* ¶¶ 15-25.  Specifically as to the Koifman Defendants, Exhibit F and H to the Complaint contain Stock Purchase Agreements dated January 27, 2011, between Stock News and Crown and Stock News and Cylogic, respectively (the "Agreements").  *Id.*   Exhs. F, H.   The Agreements contradict Plaintiff's allegations with respect to the consideration for the sale of the Shares.  Specifically, the Agreements expressly provide that "Seller hereby agrees to sell the Contract Shares to Buyer at a purchase price per share which shall be $.0166667 per share, for a total of $8,333.33." *Id.*[2]  Per the express terms of the Agreements, the only delivery required to close was "a signed promissory note for $8,333.33 which will be due in 60 days.  **This represents the purchase price for the Contract Shares**." *Id.* (emphasis added).  The parties expressly acknowledged in the Agreements that each had been represented by counsel. *See id.*

Plaintiff alleges that Wilding elsewhere promised to conduct a marketing campaign (that could be paid for with sales of Shares), to find buyers for the shares held by the Third Party Plaintiffs, and not to take action "likely to have a significant adverse effect on the trading price of Company shares." *Id.* ¶¶ 15, 18.  Notably, all of these promises were made before or "**at the**

---

[2] This sale price represented a 7% increase over Cylogic and Crown's acquisition price of the Shares just six months earlier. *Compare id. with id.* Exh. H.

time" of the sale of the Shares pursuant to the Agreements. *E.g., id.* ¶¶ 23, 28, 32, 44, 47, 49, 57-58 (emphasis added). However, none of these promises appears – either explicitly or implicitly – in the Agreements. *Id.* Exhs. F, H.

Moreover, the Amended Complaint alleges that Wilding made all of these alleged promises at a meeting at which Koifman was not present. *Id.* ¶ 16. The Amended Complaint alleges that Wilding "made representations on behalf of himself [and the Koifman Defendants]," and "indicated that he had authority to engage [the Koifman Defendants] into a binding contract . . . ." *Id.* ¶¶ 16-17. There is no allegation in the Amended Complaint that the Koifman Defendants themselves made any representations or promises to the Selling Plaintiffs beyond the terms of the Agreements, or controlled Wilding.

The Amended Complaint alleges that "the investment contracts at the center of this suit were entered into by Cylogic and Crown with the express purpose of benefitting each of the [Third Party Plaintiffs]." *Id.* ¶ 11. However, the Agreements make no reference – either explicitly or implicitly – to the Third Party Plaintiffs or their interests. *Id.* Exhs. F, H.

## ARGUMENT

The Complaint should be dismissed for a number of reasons. First, Plaintiff has not established its standing to sue. Second, each claim is fraught with a number of legal deficiencies.

## I.   PLAINTIFF HAS NOT ESTABLISHED STANDING TO ASSERT ANY CLAIM

In order to exercise subject matter jurisdiction over a case, the Court must determine initially whether Plaintiff has standing to bring its claims. *See* Fed. R. Civ. P. 12(b)(1); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004). "The party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a*

*Better Environment,* 523 U.S. 83 (1998)). Plaintiff has no personal claim of its own. Rather, all claims in the Amended Complaint are by purported assignment. However, there is no indication – beyond pure conclusory allegations – that any claim has been actually and validly assigned to Plaintiff.

The Koifman Defendants hereby challenge the existence of subject matter jurisdiction in fact. As such, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). *See also Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001) (factual attack on standing presents a question of law, and "facts outside of the pleadings may be considered as part of that determination."). Thus, even at the pleading stage, the court must examine the record as a whole to determine whether there is subject matter jurisdiction and accept the undisputed facts in the record as true. See *Elend v. Basham,* 471 F.3d 1199, 1208 (11th Cir. 2006); *Lawrence,* 919 F.2d at 1528-29.

Plaintiff has the burden to establish standing, and has failed to do so. Bald allegations of assignment are insufficient. *See Lawrence,* 919 F.2d at 1529. Other allegations as to the relations and existence of the purported assignors cast substantial doubt on Plaintiff's standing. For example, Plaintiff alleges that one of the purported assignors, Cylogic, is a Nevada corporation. *See* Am. Compl. ¶ 7. However, according to the records of the Secretary of State for Nevada, Cylogic's corporate charter was revoked on May 26, 2006. (attached hereto as Exhibit A). Moreover, because Cylogic is alleged to own Plaintiff but appears not to be in existence, the existence of Plaintiff itself is dubious. *See id.* ¶ 10.

Further confusion abounds from the fact that part of Exhibit H to the Complaint is a letter

dated August 17, 2010 from Attorney Jonathan M. Shiff to Standard Registrar & Transfer Co. Inc. The letter lists both purported assignors at the same address in Panama City, Panama and states for both "No Tax ID (Non-U.S.)." Am. Compl. Exh. H. Moreover, the shares for Cylogic and Crown Marketing were "[t]o be issued in the name of Arakis Financial, Inc." *Id.* Given that Plaintiff was "incorporated exclusively for the purpose of asserting Cylogic's and Crown's . . . rights against Defendants," there are serious threshold questions as to the juridical existence of the purported assignors.

Accordingly, Plaintiff has failed to allege – and must present sufficient undisputed evidence – that it has standing pursuant to actual and valid assignments.[3]

## II.    EACH CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW

Even if Plaintiff has proper standing, it fails to state any claim as a matter of law. When ruling on a motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Harris v. United Auto. Ins. Group, Inc.*, 579 F.3d 1227, 1230 (11th Cir. 2009). The complaint must "state a claim to relief that is plausible on its face," "more than a sheer possibility," and "above the speculative level." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

It is well-established that the Court may properly consider any exhibits attached to the

---

[3] In light of the specious nature of Plaintiff's standing and instigation of this lawsuit, the Koifman Defendants specifically preserve any and all forms of affirmative relief available to them against Plaintiff, including but not limited to Rule 10b-5 claims with respect to the purchase of the Shares from Selling Plaintiffs and claims related to champerty for Plaintiff's improper maintenance of this lawsuit.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss. *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994) (finding that exhibit attached to complaint was part of the pleadings and properly relied on in ruling on a motion to dismiss); *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1331 (S.D. Fla. 2002) ("Where, as here, a plaintiff attaches documents as exhibits to the complaint, the court may consider the contents of the exhibits even though they go beyond the specific allegations of the complaint"); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

In fact, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *see also Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). Accordingly, any conflict between allegations in the complaint and the exhibits attached thereto must be resolved in favor of the exhibit. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("Because the officers' police reports attached to the complaint refute [the plaintiff's] conclusory and speculative allegation about what the officers saw, we do not credit [the plaintiff's] allegation.").

## A.   Count I Fails to State a Claim for Breach of Contract

Count I is for alleged breach of "promises made by Defendants at the time they purchased the Shares from Selling Plaintiffs." Am. Compl. ¶ 58. These alleged promises included conducting a marketing campaign on CUBV, finding buyers for Third Party Plaintiffs' shares, and refraining from selling Shares in the meantime. *Id.* ¶¶ 52-53. Defendants purchased the Shares from the Selling Plaintiffs pursuant to the written Agreements. *Id.* Exhs., F, H.

The alleged promises were made contemporaneously with – but are nowhere mentioned in – the Agreements, and are thus nullified under the parol evidence rule. Moreover, Plaintiff expressly alleges that the Koifman Defendants made none of these alleged promises, either directly or through an actual or apparent agent. Finally, Plaintiff asserts this claim against a non-party to the contracts (Koifman) and on behalf of purported third-party beneficiaries that are nowhere mentioned in the Agreements. For these reasons, Count I must be dismissed.

### 1.    The Parol Evidence Rule Bars the Alleged Breaches.

Florida law recognizes the parol evidence rule, which provides that "evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract." *Johnson Enters. of Jacksonville v. FPL Group, Inc.*, 162 F.3d 1290, 1309 (11th Cir. 1998). *See also Allett v. Hill*, 422 So. 2d 1047, 1050 (Fla. 4th DCA 1982) (finding error in "the admission of parol evidence to add a term to [a] written lease . . . whether part of the preliminary negotiations or a separate subsequent condition"); *Smith Eng'g & Constr. Co. v. U.S. Fid. & Guar. Co.*, 199 So. 2d 302, 305 (Fla. 1st DCA 1967) ("[W]hen a legal act is reduced into a single writing, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act. . . . No other language is admissible to show what they meant or intended. . . ."). *See also Marriott Corp. v. Dasta Const. Co.*, 26 F.3d 1057 (11th Cir. 1994) ("It is not the function of the courts to "rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain.").

For the parol evidence rule to apply, "the written agreement must appear on its face to express an agreement complete in all essential terms." *Gulf Atlantic Towing Corp. v. Dickerson, Inc.*, 271 F.2d 542, 546 (5th Cir. 1959). Here, the Agreements contain all essential terms: the

number of Shares, the price paid for those Shares, and the form of payment.  Nor is there any obvious or latent ambiguity in these essential terms.  *See Wheeler v. Wheeler, Erwin & Fountain, P.A.,* 964 So. 2d 745, 749 (Fla. 1st DCA 2007) (evidence outside the contract language, which is known as parol evidence, may be considered only when the contract language contains a latent ambiguity).  The Agreements state crystal-clearly that Stock News paid a certain amount for the Shares in the form of promissory notes: "Seller hereby agrees to sell the Contract Shares to Buyer at a purchase price per share which shall be $.0166667 per share, for a total of $8,333.33" in the form of "a signed promissory note for $8,333.33 which will be due in 60 days.  **This represents the purchase price for the Contract Shares**." *Id.* (emphasis added).  There is no patent or latent ambiguity that this is the sole consideration for the Shares.  *See Syverson v. Jones*, 10 So. 3d 1123 (Fla. 1st DCA 2009) ("Because there is no latent ambiguity, parol evidence was not admissible, and the trial court erred in considering it as evidence of the parties' intent.").

Plaintiff alleges that the alleged oral promises were "key terms" on which they agreed to sell the Shares.  Am. Compl. ¶ 54.  However, Florida law "reject[s] the applicability of law allowing parol evidence to demonstrate the 'true consideration' for an agreement.  The 'true consideration' exception is only applicable to clarify an ambiguous document." *In re Estate of Barry*, 689 So. 2d 1186 (Fla. 4th DCA 1997).  As stated by the Florida Supreme Court:

> It is true that for some purposes parol evidence can be introduced to explain or amplify the consideration recited in a written contract; but this exception to the general rule does not permit proof of an oral agreement for the purpose of imposing an affirmative obligation on one of the parties of which there is no indication or suggestion in the written contract. If that were to be permitted on the theory of an inquiry into the consideration of the contract, the rule respecting the finality of written contracts would obviously be abrogated.

*Knabb v. Reconstruction Finance Corp.*, 197 So. 707, 716 (Fla. 1940).  Again, there is no ambiguity – latent or otherwise – in the Agreements with respect to consideration.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Nor can Plaintiff use parol evidence as evidence of inducement to enter into the Agreements. With respect to either partially or completely integrated contracts, parol evidence is only allowed if it "relate[s] to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it." *Matthews v. Drew Chem. Corp.*, 475 F.2d 146, 149-50 (5th Cir. 1973) (interpreting Florida law). *See also Linear Corp. v. Standard Hardware Co.*, 423 So. 2d 966, 968 (Fla. 1st DCA 1982) (the inducement exception to the parol evidence rules does not apply where "the alleged oral agreement relate[s] to the identical subject matter embodied in the written agreement and . . . directly contradict[s] an express provision of the written agreement."). Here, the collateral promises that are the sole basis of Plaintiff's claim not only contradict the consideration expressly recited in the Agreements (the promissory note "represents the purchase price for the Contract Shares"), but also are "closely connected with the principal transaction" as superfluous promises for the same exact consideration (sale of the Shares).[4]

Accordingly, the parol evidence rule bars consideration of the alleged promises that were allegedly breached. Absent an actionable breach, Plaintiff has no claim for breach of contract.

### 2.      The Koifman Defendants Made None of the Alleged Promises.

Even if the alleged promises were not barred by the parol evidence rule, none are attributable to – and thus actionable against – the Koifman Defendants. The Amended Complaint expressly alleges that Wilding made all of the alleged promises at a meeting that was not attended by the Koifman Defendants, and that Wilding himself represented that he had the authority to enter into an agreement on behalf of the Koifman Defendants. Am. Compl. ¶¶ 16-17. To state a claim, Plaintiff must allege that Wilding had the authority to bind the Koifman

---

[4] In essence, Plaintiff is alleging an additional oral contract for the same – and only – consideration underlying the written Agreements. Such additional contract would be invalid for lack of consideration.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Defendants. However, the Amended Complaint fails to allege actual or apparent agency as a matter of Florida law.

To allege an actual agency relationship, a plaintiff must allege (1) that **the principal** acknowledges the reputed agent was acting as its agent; (2) the reputed agent accepts that undertaking; and (3) **control by the principal** over the agent's day-to-day activities during the course of the agency relationship. *See Ocana v. Ford Motor Co.,* 992 So. 2d 319, 326 (Fla. 3d DCA 2008). Moreover, to allege an apparent agency relationship, a plaintiff must allege "(1) a representation **by the purported principal**; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation." *Id.* (emphasis added). "Apparent authority does not arise from the subjective understanding of the person dealing with the purported agent, nor from appearances created by the purported agent himself; instead, apparent authority exists only where the **principal** creates the appearance of an agency relationship." *Id.* (internal quotation marks and citation omitted, emphasis in original).

Here, there are legally insufficient allegations that Wilding was the actual or apparent agent of the Koifman Defendants. As to actual agency, there is no allegation that the Koifman Defendants acknowledged Wilding as their agent, or controlled Wilding's activities. As to apparent agency, there is no allegation that the Koifman Defendants made any representation to the Selling Plaintiffs regarding an agency relationship between Wilding and the Koifman Defendants. The only alleged representations and promises were made by Wilding. *See* Am. Compl. ¶¶ 16-17. As noted above, apparent authority cannot arise from actions of a purported agent. *See Ocana,* 992 So. 2d at 326 (dismissing claim for lack of apparent agency where "there is no evidence that the purported principal . . . made any representation to [plaintiff]"). The only pertinent actions are those of the Koifman Defendants as the alleged principals, of which there

are none alleged here.  Therefore, Wilding's alleged acts are not sufficient to create an apparent agency relationship.

Because none of the purportedly breached promises were made by or otherwise attributable to the Koifman Defendants, Plaintiff fails to state a claim for breach of contract against the Koifman Defendants as a matter of law.

### 3.     Plaintiff Has No Claim Against Non-Party Koifman

Plaintiff also asserts a breach of contract claim against Koifman individually.  However, Koifman is not a party to the only potentially actionable contracts, the Agreements and attendant promissory notes.  *See* Am. Compl. Exhs. F, H; *In re Estate of Donner*, 364 So. 2d 742, 749 (Fla. 3d DCA 1978) (non-party to contract cannot be found liable for breach of that contract).

The Amended Complaint suggests that Plaintiff may seek to implicate Koifman for the Agreements with Stock News based on an alter ego theory.   *See* Am. Compl. ¶ 4 ("On information and belief, Koifman is the sole member of Stock News, directly or indirectly controlling 100% of the membership interests.").   As an initial matter, these allegations are contradicted by the records of the Florida Department of State, which indicate that Stock News has <u>two</u> managing members: Stock Street Capital LLC and Jeff Aksanov.  *See* 2011 Limited Liability Company Annual Report of Stock News Info LLC (Feb. 25, 2011), attached hereto at Exhibit B.  *See also Bryant v. Avado Brands. Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting the practice of "permitting public records . . . to be considered at the motion to dismiss stage without requiring an automatic conversion to the summary judgment stage"); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2004) (noting that "matters of public record . . . may be considered by the district judge without converting the motion [to dismiss] into one for summary judgment").

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

In any event, the Amended Complaint contains insufficient allegations to pierce the corporate veil as a matter of Florida law. Three factors must be alleged to overcome the legal distinction of a corporate entity: (1) the person so dominated and controlled the corporation as to be its alter ego; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *See Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Even if Stock News were the alter ego of Koifman (which it is not), there are no allegations that Stock News was used improperly or that Plaintiff was injured by such use. *See id.* ("[M]ere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil. Even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained.").[5]

For these additional reasons, Count I should be dismissed with respect to Koifman.

### 4. The Third-Party Plaintiffs Are Not Intended Third-Party Beneficiaries

Moreover, there is no claim for breach of contract with respect to the Third Party Plaintiffs. It is well-established that a third party may sue on a contract only if "it is manifest from the nature or terms of a contract that the formal parties thereto intended its provisions to be for the benefit of a third party." *American Surety Co. of New York v. Smith,* 130 So. 440, 441 (Fla. 1930). *See also Bozeman v. Hernando County,* 548 So. 2d 300, 301 (Fla. 5th DCA 1989) (dismissing third-party-beneficiary claim "because the complaint, standing alone, indicates that [the patient] was at most an incidental third party beneficiary of the stated employment

---

[5] Florida courts have applied the pierce-the-corporate-veil doctrine to limited liability companies. *See, e.g., XL Vision, LLC v. Holloway*, 856 So. 2d 1063 (Fla. 5th DCA 2003).

contract").   Here, the Third Party Plaintiffs are nowhere mentioned – either explicitly or implicitly – in the Agreements (the only potentially enforceable contract against the Koifman Defendants). *See* Am. Compl. Exhs. F, H.  Therefore, Count I should be dismissed with respect to the Third Party Plaintiffs.

**B.      Count II Fails to State a Claim for Unjust Enrichment.**

Plaintiff next claims that "Defendants" have been unjustly enriched "when they purchased Shares at a discount from Selling Plaintiffs, and garnered illicit gains of $900,000, on information and belief, when Defendants sold those discounted shares into the market."  Am. Compl. ¶ 61.  However, there is no allegation that the Koifman Defendants specifically ever sold Shares, and any claim of unjust enrichment is negated by the express allegations that Wilding sold Shares, incurred personal benefits (*i.e.* Wilding's purchase of a Lamborghini), and was primarily responsible for the alleged selloff.  *See id.* ¶¶ 36, 41-46.   Thus, the Amended Complaint fails to allege (in non-conclusory terms) that the Koifman Defendants obtained **any** benefit, improper or otherwise.[6]

Nor are there allegations that the Koifman Defendants procured and retained any benefit "consequent to inequitable or unlawful conduct."  *Id.* ¶ 60.  As set forth *supra*, there is no allegation that the Koifman Defendants made any of the alleged oral promises directly or indirectly.  The only allegation is that Plaintiff and the Koifman Defendants entered into written unambiguous Agreements with respect to the sale of the Shares.  If the Koifman Defendants in fact sold any of the Shares, there is nothing "unjust" about having done so consistent with the

---

[6] Nor is there any indication that the purchase price for the Shares per the express terms of the Agreements represented an improper benefit.  The Amended Complaint itself confirms that Plaintiffs acquired the Shares for approximately $0.156 per share.  *See* Am. Compl. Exh. H.  Just six months later, per the express terms of the Agreements, Plaintiffs sold the shares to the Koifman Defendants at approximately $0.167 per share.  *See id.* Therefore, the Selling Plaintiffs cannot claim anything "unjust" about the price of Shares that they sold to the Koifman Defendants at a 14% annualized premium.

terms of the written agreements. Indeed, "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008). *See also Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1370 (S.D. Fla. 2007) (dismissing unjust enrichment claim "if a contract is already in place that directly addresses the matter complained of").

Because there is no allegation that the Koifman Defendants "unlawfully procured" any improper benefit, Am. Compl. Wherefore Cl. (c), Plaintiff cannot state a claim for unjust enrichment against the Koifman Defendants.

### C. Count III Fails to State a Claim for Money Had and Received

Plaintiff next asserts a claim for money had and received against Stock News based on its allegation that Defendants "issued four promissory notes [that] were due and payable on March 4, 2011 and have not been paid." Am. Compl. ¶ 65. Even if true, this allegation does not state a claim for money had and received, which requires a "showing that the defendant has possession of money of the plaintiff which in equity and good conscience he ought to pay over." *Payne v. Humana Hosp. Orange Park*, 661 So. 2d 1239, 1240 (Fla. 1st DCA 1995) (quoting *Cullen v. Seaboard Air Line R.R. Co.*, 58 So. 182 (Fla. 1912)). *See also Sharp v. Bowling*, 511 So. 2d 363, 364-65 (Fla. 5th DCA 1987) (money had and received is "a remedy at law to recover money erroneously paid or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of his ownership of the money."). Stock News never received – and does not have possession of – any money of Plaintiff. Nor did Stock News receive anything improper.

Moreover, "the presence of an express contract precludes recovery on a quasi-contractual remedy such as money had and received." *Berry*, 497 F. Supp. 2d at 1370.  For these reasons, Count III must be dismissed.[7]

## III.   THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiff has now had two bites of the apple to state a claim against the Koifman Defendants.  As set forth above and in the original motion to dismiss, Plaintiff has come nowhere near doing so.  Indeed, many of the arguments contained herein were raised in the Koifman Defendants' original motion to dismiss.  Plaintiff's failure to cure – much less even address – these deficiencies the second time around underscores their incurable nature.

Given the obvious futility of any further attempts, the Court should put a stop to this pleading expedition and dismiss the Amended Complaint with prejudice.  *See Southwestern Bell Mobile Sys. LLC v. Kaufman*, Case No. 08-81129-CIV-MARRA, slip op. at 13 n.3 (S.D. Fla. Sept. 29, 2009) (dismissing pleading with prejudice because "based on the wholly deficient pleading, it appears that any attempt to amend would be futile").

---

[7] In addition, unjust enrichment and money had and received are different names for the same cause of action.  *See Equilease Corp. v. Hentz*, 634 F.2d 850, 853 (5th Cir. 1981); *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653(Fla. 5th DCA 1996) (suggesting that an action for "money had and received" is nothing more than the "modern action" for unjust enrichment).  Therefore, this claim should be dismissed as duplicative.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## CONCLUSION

For the reasons set forth above, the Koifman Defendants respectfully request the Court to dismiss the Amended Complaint in its entirety with prejudice, and award the Koifman Defendants such other relief that is necessary or appropriate.

Respectfully submitted,

/s/ William Nortman

William Nortman
Florida Bar Number:  242039
william.nortman@akerman.com
Jonathan S. Robbins, Esq.
Florida Bar Number: 989428
jonathan.robbins@akerman.com
Jeffrey T. Cook, Esq.
Florida Bar Number: 647578
jeffrey.cook@akerman.com
**AKERMAN SENTERFITT**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone:  (954) 463-2700
Facsimile:  (954)  463-2224

*Attorneys for Defendants Stock News Info. LLC
and Steven Koifman*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

/s/  William Nortman
William Nortman

## SERVICE LIST

Stock Fraud Prevention, Inc. v. Stock News Info. LLC
Case No.:  9:11-cv-80764-KAM

| | |
|---|---|
| **Carlos E. Duque, Esq.**<br>103 Concord Avenue, Suite 2-2<br>Sommerville, MA  02143<br> tel:  317-270-3353<br>eduque4@gmail.com<br>*Attorney for Plaintiff* | **William Nortman, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| **Jeffrey Carl Weinstein, Esq.**<br>Mittenthal Weinstein LLP<br>5499 N Federal Hwy., Suite K<br>Boca Raton, FL  33487<br>tel:  561-862-0955<br>fax:  561-862-0782<br>weinstein@mw-attorneys.com<br>*Attorneys for Plaintiff* | **Jonathan S. Robbins, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| | **Jeffrey T. Cook, Esq.**<br>AKERMAN SENTERFITT<br>One Southeast Third Avenue, 25th Floor<br>Miami, FL 33131<br>Telephone: (305) 374-5600<br>Facsimile: (305) 374-5095<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |

STOCK FRAUD PREVENTION, INC v. STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN and SCOTT WILDING
CASE NO.:  9:11-cv-80764-KAM

## EXHIBITS

EXHIBIT A          **Cylogic Aerospace** – Nevada Secretary of State Record of Revoked Status

EXHIBIT B          2011 Limited Liability Company Annual Report of Stock News Info LLC
                   (Feb. 25, 2011)

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Entity Details - Secretary of State, Nevada                                    Page 1 of 2

Home | About Ross | Calendar | News | FAQ | Forms | Contact Us

Search...

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |

My Data Reports   Commercial Recordings   Licensing

# CYLOGIC AEROSPACE

| New Search | | Printer Friendly | | Calculate Reinstatement Fees |

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 5/26/2006 |
| Type: | Domestic Corporation | Entity Number: | E0395192006-7 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20061028546 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | STATE AGENT AND TRANSFER SYNDICATE, INC. | Address 1: | 112 NORTH CURRY STREET |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89703-4934 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 75,000.00 |
| Par Share Count: | 75,000,000.00 | Par Share Value: | $ 0.001 |

## Officers

☐ Include Inactive Officers

Director - YURLY SEMENOV

| | | | |
|---|---|---|---|
| Address 1: | 112 N CURRY ST | Address 2: | |
| City: | CARSON CITY | State: | NV |
| Zip Code: | 89703 | Country: | |



Entity Details - Secretary of State, Nevada                                           Page 2 of 2

| | | | |
|---|---|---|---|
| **Status:** | Active | **Email:** | |

**Treasurer - YURLY SEMENOV**

| | | | |
|---|---|---|---|
| **Address 1:** | 112 N CURRY ST | **Address 2:** | |
| **City:** | CARSON CITY | **State:** | NV |
| **Zip Code:** | 89703 | **Country:** | |
| **Status:** | Active | **Email:** | |

**Secretary - YURLY SEMENOV**

| | | | |
|---|---|---|---|
| **Address 1:** | 112 N CURRY ST | **Address 2:** | |
| **City:** | CARSON CITY | **State:** | NV |
| **Zip Code:** | 89703 | **Country:** | |
| **Status:** | Active | **Email:** | |

**President - YURLY SEMENOV**

| | | | |
|---|---|---|---|
| **Address 1:** | 112 N CURRY ST | **Address 2:** | |
| **City:** | CARSON CITY | **State:** | NV |
| **Zip Code:** | 89703 | **Country:** | |
| **Status:** | Active | **Email:** | |

**Actions\Amendments**

Click here to view 5 actions\amendments associated with this company

Information Center  |  Election Center  |  Business Center  |  Licensing Center  |  Securities Center  |  Online Services  |  Contact Us  |  Sitemap

101 N Carson Street Suite 3 Carson City, NV 89701 | (775) 684-5708
© 2010 All Rights Reserved. Privacy Policy and Disclaimer | About This Site

# 2011 LIMITED LIABILITY COMPANY ANNUAL REPORT

**FILED**
**Feb 25, 2011**
**Secretary of State**

DOCUMENT# L09000075957

**Entity Name:** STOCK NEWS INFO LLC

| | |
|---|---|
| **Current Principal Place of Business:** | **New Principal Place of Business:** |

20423 S.R. 7
341
BOCA RATON, FL 33498

| | |
|---|---|
| **Current Mailing Address:** | **New Mailing Address:** |

20423 S.R. 7
341
BOCA RATON, FL 33498

FEI Number: 27-0691973     FEI Number Applied For ( )     FEI Number Not Applicable ( )     Certificate of Status Desired ( )

| | |
|---|---|
| **Name and Address of Current Registered Agent:** | **Name and Address of New Registered Agent:** |

STOCK STREET CAPITAL LLC
20423 S.R. 7
341
BOCA RATON, FL 33498 US

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

　　　　　　　　Electronic Signature of Registered Agent　　　　　　　　　　　　　　Date

## MANAGING MEMBERS/MANAGERS:

Title:　　　MGRM
Name:　　STOCK STREET CAPITAL LLC
Address:　20423 S.R. 7 SUITE 341
City-St-Zip:　BOCA RATON, FL 33498 US

Title:　　　MGRM
Name:　　AKSANOV, JEFF
Address:　250 174 ST. SUITE 1418
City-St-Zip:　SUNNY ISLES BEACH, FL 33160 US

I hereby certify that the information indicated on this report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 608, Florida Statues.

SIGNATURE:　STEVEN KOIFMAN　　　　　　　　　　　　　MGRM　　　　　　02/25/2011
　　　　　　　Electronic Signature of Signing Managing Member, Manager, or Authorized Representative / Date

