**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

STOCK FRAUD PREVENTION, INC.                CASE NO.:  9:11-cv-80764-KAM

       Plaintiff,

v.

STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN
and SCOTT WILDING

       Defendant.

_____/


## DEFENDANTS STOCK NEWS INFOR. LLC AND STEVEN KOIFMAN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE


William Nortman, Esq.
Florida Bar No.: 242039
Jonathan S. Robbins, Esq.
Florida Bar No.: 989428
Jeffrey T. Cook, Esq.
Florida Bar No.: 647578
Akerman Senterfitt, PA/
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
954-463-2700 (T) 954-463-2224 (F)

*Attorneys for Defendants Stock News Info.*
*LLC, and Steven Koifman*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................- 1 -

ARGUMENT .....................................................................................................- 3 -

I.    THE OPPOSITION FAILS TO ESTABLISH PLAINTIFF'S STANDING ..................- 3 -

II.   THE OPPOSITION FAILS TO REFUTE THE LEGAL SUFFICIENCY OF EACH CLAIM IN THE AMENDED COMPLAINT ..................................................- 4 -

      A.    All Extrinsic Materials Contained in the Opposition Must Be Stricken.............- 4 -

      B.    Count I Fails to State a Claim for Breach of Contract.......................................- 5 -

           1.    The Third-Party Plaintiffs Are Not Intended Third-Party Beneficiaries ................................................................................- 7 -

      C.    Count II Fails to State a Claim for Unjust Enrichment......................................- 8 -

      D.    Count III Fails to State a Claim for Money Had and Received ..........................- 9 -

CONCLUSION...................................................................................................- 10 -

**Cases**

*Artubel v. Colonial Bank Group, Inc.*,
  2008 WL 3411785 (M.D. Fla. Aug. 8, 2008)..................................................- 5 -

*Barker v. Wilkins*,
  Case No. 2:09-cv-795-FtM-36SPC (M.D. Fla. July 27, 2011)........................- 4 -

*Berry v. Budget Rent A Car Sys., Inc.*,
  497 F. Supp. 2d 1361 (S.D. Fla. 2007) ..........................................................- 9 -

*Carreta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*,
  647 So. 2d 1028 (Fla. 4th DCA 1994)............................................................- 8 -

*Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696 (Fla. 1st DCA 2008)................- 9 -

*Grandrimo v. Parkcrest Harbour Island Condo. Ass'n*,
  2011 WL 550579 (M.D. Fla. Feb. 9, 2011) ...................................................- 5 -

*Grossman v. Nationsbank, N.A.*,
  225 F.3d 1228 (11th Cir. 2000) .....................................................................- 4 -

*Jenne v. Church & Tower*,
  814 So. 2d 522 (Fla. 4th DCA 2002)..............................................................- 8 -

*Knabb v. Reconstruction Finance Corp.*,
  197 So. 707 (Fla. 1940) .................................................................................- 6 -

*Lawrence v. Dunbar*,
  919 F.2d 1525 (11th Cir. 1990) .....................................................................- 3 -

{22758825;3}

i

*Lee v. Montgomery*,
  624 So.2d 850 (Fla. 1st DCA 1993) ................................................................- 7 -

*Marianna Lime Products Co. v. McKay*,
  109 Fla. 275 (1933) .........................................................................................- 7 -

*Marriott Corp. v. Dasta Const. Co.*,
  26 F.3d 1057 (11th Cir. 1994) .........................................................................- 7 -

*Matthews v. Drew Chem. Corp.*,
  475 F.2d 146 (5th Cir. 1973) ............................................................................- 7 -

*Payne v. Humana Hosp. Orange Park*,
  661 So. 2d 1239 (Fla. 1st DCA 1995) ..............................................................- 9 -

*Smith Eng'g & Constr. Co. v. U.S. Fid. & Guar. Co.*,
  199 So. 2d 302 (Fla. 1st DCA 1967) ................................................................- 6 -

*Steadfast Ins. Co. v. Corp. Protection Sec. Gp. Inc.*,
  554 F. Supp. 2d 1335 (S.D. Fla. 2008) .............................................................- 8 -

*Venezia v. CSX Transp. Inc.*,
  43 So.3d 93 (Fla. 3d DCA 2010) ......................................................................- 8 -

*Zimmerman v. PepsiCo*,
  836 F.2d 173 (3d Cir. 1988) .............................................................................- 4 -

**Rules**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................- 1 -

Fed. R. Civ. P. 12(b)(6) ...........................................................................................- 1 -

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

STOCK FRAUD PREVENTION, INC.                    CASE NO.:  9:11-cv-80764-KAM

        Plaintiff,

v.

STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN
and SCOTT WILDING,

        Defendants.

_____/

## DEFENDANTS STOCK NEWS INFO. LLC AND STEVEN KOIFMAN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

Defendants, STOCK NEWS INFO. LLC ("Stock News") and STEVEN KOIFMAN ("Koifman") (together, the "Koifman Defendants"), hereby submit their reply memorandum in support of their Motion to Dismiss the Amended Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). Specifically, the Koifman Defendants hereby respond to the Opposition filed by Plaintiff.

The Opposition is fraught with procedural and substantive errors. Once those errors are revealed, it is clear that the Opposition does nothing to dispel the grounds for dismissal of the Amended Complaint that are set forth in the Motion to Dismiss.

## INTRODUCTION

The Opposition shockingly violates a number of basic tenets of federal motion practice. The Motion to Dismiss is brought pursuant to each of Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for separate and specifically stated arguments – the

{22758825;3}

former with respect to only Plaintiff's standing, and the latter with respect to the various reasons why the Amended Complaint fails to state a claim as a matter of law. With respect to Rule 12(b)(1), the parties may present extrinsic evidence. In the Opposition, Plaintiff fails to submit sufficient evidence to satisfy its burden to establish its standing to bring the claims belonging to others. Plaintiff fails to refute that one of the Selling Plaintiffs has been barred from transacting business since 2006, and that that entity's legal status invalidates the very agreement by which Plaintiff purportedly exists.

With respect to Rule 12(b)(6), the parties may not present extrinsic evidence. Indeed, that portion of the Motion to Dismiss stayed within the four corners of the Amended Complaint. In contrast, Plaintiff attempts to submit a slew of cookie-cutter, self-serving affidavits and new allegations in the Opposition, all outside the four corners of the Amended Complaint. Based on this fundamental error, all extrinsic evidence submitted in the Opposition – including but not limited to Exhibits B-F and all allegations in the Opposition beyond the contents of the Amended Complaint – must be stricken.

By desperately attempting to introduce extrinsic evidence, Plaintiff effectively admits that the Amended Complaint is legally insufficient. Indeed, Plaintiff fails to properly challenge any of the legal arguments in the Motion to Dismiss:

- Plaintiff fails to challenge the fundamental argument that the Amended Complaint nowhere alleges that Wilding had the authority to bind the Koifman Defendants to the alleged oral promises.

- Even if such authority were established, Plaintiff fails to refute that the unambiguous written Stock Purchase Agreements preclude consideration of the alleged oral promises.

- Plaintiff cannot unilaterally accord third-party-beneficiary status to individuals that were not contemplated as such by all contractual parties.

- Plaintiff merely confirms that it has no claim for unjust enrichment absent wrongdoing by the Koifman Defendants beyond the terms of their contract

- Plaintiff fails to challenge the fact that Koifman is not a party to the actual written contract.

- Plaintiff fails to refute that it has no claim for money had and received when, simply put, the Koifman Defendants received no money from Plaintiff.

For these reasons as set forth below, the Opposition merely serves to confirm the need to dismiss the Amended Complaint with prejudice.

## ARGUMENT

## I.   THE OPPOSITION FAILS TO ESTABLISH PLAINTIFF'S STANDING

The Motion to Dismiss challenges Plaintiff's standing to bring claims on behalf of the Selling Plaintiffs or Third Party Plaintiffs. Plaintiff has the burden to establish its standing by assignment, and has failed to do so. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Other allegations as to the relations and existence of the purported assignors cast substantial doubt on Plaintiff's standing. For example, Plaintiff alleges that one of the purported assignors, Cylogic, is a Nevada corporation. *See* Am. Compl. ¶ 7. However, according to the records of the Secretary of State for Nevada, Cylogic's corporate charter was revoked on May 26, 2006. (attached hereto as Exhibit A). In its Opposition, Plaintiff does not dispute this fact – it merely claims that the Motion to Dismiss fails to cite Nevada authority for the inability of a revoked corporation to conduct business. The purported assignment is dated June 27, 2011 – more than five years after Cylogic's charter was revoked. Under Nevada law, upon revocation of a corporate charter, "its right to transact business is forfeited." Nev. Rev. Stat. 78.175(2). Therefore, any assignments purportedly executed since May 2006 by Cylogic are invalid.

Moreover, because Cylogic is alleged to own Plaintiff but appears not to be in existence, the existence of Plaintiff itself is dubious. *See* Am. Compl. ¶ 10. Indeed, Plaintiff attaches an Assignment, Incorporation and Shareholders' Agreement dated June 27, 2011, in which Cylogic

{22758825;3}

- 3 -

purportedly acquired 50% of the stock of Plaintiff.[1] *See* Opp'n at Exh. A.  However, Cylogic had no right to transact business, including entering into that agreement, at that time.  Thus, the agreement – and Plaintiff's ultimate existence – is invalid.

The Opposition also fails to address the fact that Exhibit H to the Amended Complaint lists both purported assignors at the same address in Panama City, Panama and states for both "No Tax ID (Non-U.S.)," and that the purported assignee was "Arakis Financial, Inc." *See* Am. Compl. Exh. H.

Accordingly, Plaintiff has failed to allege – and has failed to present sufficient undisputed evidence – that it has standing pursuant to actual and valid assignments.

## II.   THE OPPOSITION FAILS TO REFUTE THE LEGAL SUFFICIENCY OF EACH CLAIM IN THE AMENDED COMPLAINT

The Motion to Dismiss also established that the Amended Complaint fails to state any claim as a matter of law pursuant to Rule 12(b)(6).  The Opposition is both procedurally and substantively fraught with error with respect to this portion of the Motion to Dismiss.

### A.   All Extrinsic Materials Contained in the Opposition Must Be Stricken.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted).  "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988). *See also Barker v. Wilkins*, Case No. 2:09-cv-795-FtM-36SPC, n.2 (M.D. Fla. July 27, 2011) ("Because Defendants Liberty and the USPS filed motions to dismiss and not motions

---

[1] One must wonder why this "assignment" miraculously appears just now and well after the filing of the original complaint.

for summary judgment, the Court will not consider either Plaintiff's exhibits or his Affidavit [attached to opposition to motion to dismiss]."); *Grandrimo v. Parkcrest Harbour Island Condo. Ass'n*, 2011 WL 550579 (M.D. Fla. Feb. 9, 2011) ("[T]he Complaint does not allege that Parkcrest failed to maintain adequate insurance, and Plaintiff cannot amend the Complaint in her brief in opposition to a motion to dismiss."); *Artubel v. Colonial Bank Group, Inc.*, 2008 WL 3411785 (M.D. Fla. Aug. 8, 2008) ("Because omitted from the complaint, these allegations receive no consideration on a motion to dismiss.").

Exhibits B (an unauthenticated stock trading report), C-E (affidavits containing new allegations), and F (an unauthenticated copy of an email) all fall outside the Amended Complaint and contain new allegations that appear nowhere in the Amended Complaint. Moreover, the body of the Opposition itself also raises new allegations for the first time. These exhibits and allegations should all be disregarded by the Court in consideration of the Motion to Dismiss.

### B.   Count I Fails to State a Claim for Breach of Contract

As set forth in the Motion to Dismiss, the Amended Complaint fails to allege that Wilding had actual or apparent authority to bind the Koifman Defendants to any promises. Setting aside the extrinsic materials in the Opposition, Plaintiff does nothing to refute this fact or the many legal authorities cited in the Motion to Dismiss that a contracting party must have given its actual or apparent authorization. Because the Amended Complaint only alleges the breach of unauthorized promises, Count I must be dismissed as to the Koifman Defendants.

Even if there were such authorization pled, Count I still fails to state a claim for breach of an oral contract for promises made before or contemporaneously with a written agreement. Plaintiff argues that the parol evidence rule should not be considered on a motion to dismiss because the intent of the parties is a question of fact. The case law states otherwise.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Under Florida law, "when a legal act is reduced into a single writing, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act. . . . No other language is admissible to show what they meant or intended."). *Smith Eng'g & Constr. Co. v. U.S. Fid. & Guar. Co.*, 199 So. 2d 302, 305 (Fla. 1st DCA 1967) . Here, the written Stock Purchase Agreements expressly state the shares purchased and the consideration for those shares (the promissory notes). There is no ambiguity in the written Stock Purchase Agreements that the particular Shares were being purchased for particular Promissory Notes.

Plaintiff alleges that the parties' agreement also contained oral promises of detailed lock-up provisions of certain percentages. However, the written Stock Purchase Agreements (on which both sides were represented by counsel) make no mention whatsoever (even a general one) of any lock-up provision, any other personal service to be performed by Defendants, or any other consideration beyond the promissory notes. *See Knabb v. Reconstruction Finance Corp.*, 197 So. 707, 716 (Fla. 1940) (parol evidence rule "does not permit proof of an oral agreement for the purpose of imposing an affirmative obligation on one of the parties of which there is no indication or suggestion in the written contract"). In effect, Plaintiff is attempting to create a separate contract of different promises for the same Shares conveyed per the written Stock Purchase Agreements.[2] In essence, Plaintiff is alleging an additional oral contract for the same – and only – consideration unambiguously stated in the written Agreements. Even if it existed, such additional contract would be invalid for lack of consideration.

Otherwise, Plaintiff argues that the absence of an integration clause in a contract prohibits the use of the parol evidence rule as a matter of law. This position is absurd. As Plaintiff

---

[2] Further, as pointed out in the Motion to Dismiss, Defendant Koifman is not a party to the contract at issue, and therefore cannot be held liable for its purported breach.

elsewhere admits, an integration clause is only one way in which the intent of the parties can be expressed. *See* Opp'n at 7 (intent to have complete agreement "is typically done through an integration clause"). *See also Matthews v. Drew Chem. Corp.*, 475 F.2d 146, 149-50 (5th Cir. 1973) (noting that parol evidence rule applies to both totally and partially integrated contracts under Florida law). Another way is the agreement to unambiguous contractual terms on the same subject matter as the alleged oral promise:

> If an agreement in writing is such that it may be properly inferred from it that the written statement . . . was intended by the parties to it to be a complete and final statement of the whole transaction between the parties, the effect of the writing is to render inadmissible an attempted showing of an independent verbal warranty concerning the subject matter of the written agreement, when the written agreement is regarded as completely covering the subject dealt with, and is silent on the subject of any such warranties.

*Marianna Lime Products Co. v. McKay*, 109 Fla. 275, 282 (1933). *See also Lee v. Montgomery*, 624 So.2d 850, 851 (Fla. 1st DCA 1993). ("As a general rule, in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence.").

Plaintiff's position boils down to a plea to have the Court rewrite an unambiguous contract to avoid a belatedly regretted bargain. However, the Eleventh Circuit has made clear that "[i]t is not the function of the courts to "rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain." *Marriott Corp. v. Dasta Const. Co.*, 26 F.3d 1057 (11th Cir. 1994).

Accordingly, the parol evidence rule bars consideration of the alleged promises that were allegedly breached. Absent an actionable breach, Plaintiff has no claim for breach of contract.

### 1.    The Third-Party Plaintiffs Are Not Intended Third-Party Beneficiaries

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Next, Plaintiff claims that the Third-Party Plaintiffs are third-party beneficiaries of the alleged agreements because the Selling Plaintiffs alone intended them to be. That falls far short of the well-established legal requirement that "[i]f the contract does not expressly provide for the third party beneficiary, . . . the litigant must clearly show that **both parties** to the contract intended its beneficiary status." *Steadfast Ins. Co. v. Corp. Protection Sec. Gp. Inc.*, 554 F. Supp. 2d 1335, 1338 (S.D. Fla. 2008) (emphasis added). *See also Venezia v. CSX Transp. Inc.*, 43 So.3d 93, 95 (Fla. 3d DCA 2010) ("Under Florida law, a third party is considered a beneficiary of the contract only if the contracting **parties** intended to primarily and directly benefit the third party. " (emphasis added); *Jenne v. Church & Tower*, 814 So. 2d 522, 524 (Fla. 4th DCA 2002) ("The issue here is whether the Sheriff pled sufficient facts to establish an intent by **both** Broward County and Church & Tower that the contract primarily and directly benefit him." (emphasis in original)); *Carreta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. 4th DCA 1994) ("It is insufficient to show that only one party unilaterally intended to benefit the third party").

Again, the Koifman Defendants cannot be contractually bound by the unilateral wishes of other parties with their assent. Accordingly, the Amended Complaint fails to state any claim with respect to the Third-Party Plaintiffs.

C.     **Count II Fails to State a Claim for Unjust Enrichment**.

As set forth in the Motion to Dismiss, the Amended Complaint contains no allegation that the Koifman Defendants specifically ever sold Shares or received any other personal benefit so as to have been unjustly enriched. *See* Am. Compl. ¶¶ 36, 41-46. Nor is there any indication that the Koifman Defendants were **unjustly** enriched.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Indeed, the Opposition makes clear that Plaintiff posits merely that the Koifman Defendants were unjustly enriched from breaching alleged contractual promises. However, as set forth in the Motion to Dismiss and above, there is no allegation of such breach by the Koifman Defendants. In any event, an unjust enrichment claim does not stand for mere breach of contract. *See, e.g., Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008) (finding that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter. Accordingly, the unjust enrichment claim is subject to dismissal. *See Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1370 (S.D. Fla. 2007) (dismissing unjust enrichment claim "if a contract is already in place that directly addresses the matter complained of").

### D.    Count III Fails to State a Claim for Money Had and Received

As set forth in the Motion to Dismiss, the Amended Complaint contains no allegation that the Koifman Defendants received any money from Plaintiff to form the basis of a claim for money had and received. Indeed, the Amended Complaint merely alleges that the Koifman Defendants "issued four promissory notes [that] were due and payable on March 4, 2011 and have not been paid." Am. Compl. ¶ 65. In return for those promissory notes, the Koifman Defendants obtained no money. Thus, this claim should be dismissed as well. *See Payne v. Humana Hosp. Orange Park*, 661 So. 2d 1239, 1240 (Fla. 1st DCA 1995) (claim for money had and received requires a "showing that the defendant has possession of money of the plaintiff which in equity and good conscience he ought to pay over"). In addition, as with the unjust enrichment claim, "the presence of an express contract precludes recovery on a quasi-contractual remedy such as money had and received." *Berry*, 497 F. Supp. 2d at 1370.

Accordingly, Count III must be dismissed.

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## CONCLUSION

For the reasons set forth above and in the Motion to Dismiss, the Koifman Defendants

respectfully request the Court to dismiss the Amended Complaint in its entirety with prejudice,

and award the Koifman Defendants such other relief that is necessary or appropriate.

Respectfully submitted,

/s/ William Nortman
William Nortman
Florida Bar Number:  242039
william.nortman@akerman.com
Jonathan S. Robbins, Esq.
Florida Bar Number: 989428
jonathan.robbins@akerman.com
Jeffrey T. Cook, Esq.
Florida Bar Number: 647578
jeffrey.cook@akerman.com
**AKERMAN SENTERFITT**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendants Stock News Info. LLC*
*and Steven Koifman*

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

/s/ William Nortman
William Nortman

{22758825;3}

- 11 -

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## SERVICE LIST

Stock Fraud Prevention, Inc. v. Stock News Info. LLC
Case No.:  9:11-cv-80764-KAM

| | |
|---|---|
| **Carlos E. Duque, Esq.**<br>103 Concord Avenue, Suite 2-2<br>Sommerville, MA  02143<br> tel:  317-270-3353<br>eduque4@gmail.com<br>*Attorney for Plaintiff* | **William Nortman, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| **Jeffrey Carl Weinstein, Esq.**<br>Mittenthal Weinstein LLP<br>5499 N Federal Hwy., Suite K<br>Boca Raton, FL  33487<br>tel:  561-862-0955<br>fax:  561-862-0782<br>weinstein@mw-attorneys.com<br>*Attorneys for Plaintiff* | **Jonathan S. Robbins, Esq.**<br>AKERMAN SENTERFITT<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |
| | **Jeffrey T. Cook, Esq.**<br>AKERMAN SENTERFITT<br>One Southeast Third Avenue, 25th Floor<br>Miami, FL 33131<br>Telephone: (305) 374-5600<br>Facsimile: (305) 374-5095<br>*Attorneys for Defendants Stock News Info. LLC and Steven Koifman* |

AKERMAN SENTERFITT, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999

STOCK FRAUD PREVENTION, INC v. STOCK NEWS INFO. LLC, SKYLINE
INVESTMENTS, INC., STEVEN KOIFMAN and SCOTT WILDING
CASE NO.:  9:11-cv-80764-KAM

## EXHIBITS

EXHIBIT A            **Cylogic Aerospace** – Nevada Secretary of State Record of Revoked Status

EXHIBIT "A"

Entity Details - Secretary of State, Nevada

Home  |  About Ross  |  Calendar  |  News  |  FAQ  |  Forms  |  Contact Us

Search...

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |
|---|---|---|---|---|---|---|

My Data Reports   Commercial Recordings   Licensing

# CYLOGIC AEROSPACE

| New Search | Printer Friendly | Calculate Reinstatement Fees |
|---|---|---|

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 5/26/2006 |
| Type: | Domestic Corporation | Entity Number: | E0395192006-7 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20061028546 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | STATE AGENT AND TRANSFER SYNDICATE, INC. | Address 1: | 112 NORTH CURRY STREET |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89703-4934 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 75,000.00 |
| Par Share Count: | 75,000,000.00 | Par Share Value: | $ 0.001 |

## Officers

☐ Include Inactive Officers

Director - YURLY SEMENOV

| | | | |
|---|---|---|---|
| Address 1: | 112 N CURRY ST | Address 2: | |
| City: | CARSON CITY | State: | NV |
| Zip Code: | 89703 | Country: | |



EXHIBIT A

Entity Details - Secretary of State, Nevada

| Status: | Active | Email: | |
|---|---|---|---|
| **Treasurer - YURLY SEMENOV** | | | |
| Address 1: | 112 N CURRY ST | Address 2: | |
| City: | CARSON CITY | State: | NV |
| Zip Code: | 89703 | Country: | |
| Status: | Active | Email: | |
| **Secretary - YURLY SEMENOV** | | | |
| Address 1: | 112 N CURRY ST | Address 2: | |
| City: | CARSON CITY | State: | NV |
| Zip Code: | 89703 | Country: | |
| Status: | Active | Email: | |
| **President - YURLY SEMENOV** | | | |
| Address 1: | 112 N CURRY ST | Address 2: | |
| City: | CARSON CITY | State: | NV |
| Zip Code: | 89703 | Country: | |
| Status: | Active | Email: | |

**Actions\Amendments**

Click here to view 5 actions\amendments associated with this company

Information Center  |  Election Center  |  Business Center  |  Licensing Center  |  Securities Center  |  Online Services  |  Contact Us  |  Sitemap

101 N Carson Street Suite 3 Carson City, NV 89701 | (775) 684-5708
© 2010 All Rights Reserved. Privacy Policy and Disclaimer | About This Site